**UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION**

| | |
|---|---|
| STEPHEN SIMONI, individually and on behalf of all others similarly situated, | |
| Plaintiff, | Case No.: 1:21-cv-01267 |
| vs. | Hon. Robert M. Dow |
| UNITED AIRLINES, INC., and DOES 1 through 10, inclusive, | |
| Defendants. | |

**PLAINTIFF'S FIRST AMENDED CLASS ACTION COMPLAINT**

Plaintiff Stephen Simoni ("Plaintiff"), individually and on behalf of all others similarly situated, brings this Class Action Complaint against Defendants United Airlines, Inc. and Does 1 through 10 (collectively, "Defendants" or "United"). Plaintiff, by and through undersigned counsel, makes the following allegations pursuant to the investigation of counsel and based upon information and belief, except as to allegations specifically pertaining to himself and his counsel, which are based on personal knowledge.

**NATURE OF THE ACTION**

**1.** Plaintiff, individually and on behalf of all others similarly situated, brings this class action lawsuit relating to Defendants' systematic practice of breaching its contracts with consumers nationwide.

**2.** Plaintiff and class members used United MileagePlus award program miles to purchase an "award" flight. After booking, United informed its customers by form emails that had been particularized for each customer's respective specific flight itinerary to advise the customers

they could proceed to cancel their award flight reservation and United would waive any otherwise applicable "redeposit" fees.

3. This statement was false. Customers who cancelled are in fact charged redeposit fees. Even worse, United only informs the customer that the redeposit fee will be charged after the customer had proceeded to cancel the flight in reliance on United's e-mailed promise. As a result, during a global pandemic when travel plans require flexibility, United's loyal customers are being charged substantial mileage redeposit fees in direct contravention of what United told its customers.

4. All claims asserted herein arise out of Defendants' contract breaches and are a common fact pattern as to each member of the Class, defined *infra*.

## THE PARTIES

5. Plaintiff Stephen Simoni is an adult male who resides outside of Delaware and Illinois.

6. Defendant United Airlines, Inc. is a corporation organized and existing under the laws of the State of Delaware, with its principal place of business located at 233 South Wacker Drive in Chicago, Illinois 60606. United markets, advertises, promotes, and/or sells airline travel throughout the world.

7. Except as described herein, Plaintiff is unaware of the true names of Defendants sued as Does 1 through 10, inclusive, and the nature of their wrongful conduct, and therefore sues these Defendants by such fictitious names. Plaintiff will seek leave of the Court to amend this complaint to allege their true names and capacities when ascertained.

8. At all times relevant, each Defendant was an agent or joint venture of each other Defendant, and, in doing the acts alleged herein, was acting within the scope of such agency. Each

Defendant had actual and/or constructive knowledge of the acts of each other Defendant, and ratified, approved, joined in, acquiesced, authorized, and/or retained the benefits of the wrongful acts of each other Defendant.

9. At all times relevant, each Defendant aided, abetted, encouraged, and rendered substantial assistance to each other Defendant in committing the wrongful acts alleged herein. In taking action, as particularized herein, to aid, abet, encourage, and substantially assist the commission of these wrongful acts and other wrongdoing complained of, each Defendant acted with an awareness of its primary wrongdoing and realized that its conduct would substantially assist the accomplishment of the wrongful conduct, wrongful goals, and wrongdoing.

10. At all times relevant, Defendants conspired by means of mutual understanding, either expressly or impliedly, among themselves and others in engaging and/or planning to engage in the activities detailed herein to accomplish the wrongful conduct, wrongful goals, and wrongdoing.

## JURISDICTION AND VENUE

11. This Court has personal jurisdiction over Defendants because United's principal place of business is located in Chicago, Illinois.

12. Venue is proper in this District because United maintains its principal place of business in Chicago, Illinois.

## FACTUAL ALLEGATIONS

13. United Airlines administers its MileagePlus frequent flyer program, whereby consumers can earn miles and use them to book travel perks, including "award" tickets.

14. Historically, United imposed a patchwork of fees for changing and canceling "award" itineraries based on a frequent flier's status with United, among other considerations.

Specifically, United purportedly imposes "redeposit fees" on award flights that are cancelled within thirty (30) days of the flight's departure.

15. The worldwide coronavirus outbreak has significantly impacted- and is continuing to impact- travel and businesses in the industry. Recognizing that travelers are faced with important choices to make for travel plans due to the global pandemic, airlines are giving flexibility to their customers to offer them more certainty in the rapidly changing environment.

16. Indeed, to lessen the burden, many airlines announced travel waivers, giving travelers free changes and cancellations on their tickets. Many airlines treat award tickets booked with miles the same as cash fares and waive cancellation fees and charges that would otherwise be imposed to "redeposit" consumers' miles back into their accounts.

17. Airlines, including United, regularly make promises to passengers to unilaterally waive "cancellation," "change," "redeposit," and assorted other fees that the airlines may otherwise properly contractually charge in an effort to prompt a passenger to cancel their seat on an upcoming flight. Such reasons include, but are not limited to, *inter alia*:

   a. Where the airline wants to make seats available on the subject flight that could then be resold for either a more-desirable larger amount of miles and/or cash——such as where, for example, the flight has experienced a sudden increase in demand. One example occurred where United waived charges that would otherwise be imposed to relinquish seats on flights leaving Florida in anticipation of Hurricane Irma such as those for, *inter alia*, medical professionals and emergency first responders who were required to cancel vacations and remain on-call 24 hours daily. United waived those change fees and then re-sold the freed-up spots for nearly six times the typical price in response to the anticipated demand of consumers fleeing Irma in an

instance of what has been called price gouging and lead to demands by Congress for investigations. *See* Sablich, J., "Airlines Face Criticism Amid Irma Price-Gouging Complaints," N.Y. Times, Sept. 9, 2017;

b. Where the airline has overbooked the subject flight and wants to reduce the number of displaced passengers who would otherwise be entitled to federally-mandated "bumping" compensation when denied the seat at boarding that the passenger had been assigned. *See, e.g.,* Text message from United to Stephen Simoni, Apr. 20, 2021 (emphasis added) (**attached hereto as Exhibit B** (electronic highlighting added to relevant portion));

c. Where the airline experiences an equipment inadequacy that results in the unplanned use of an aircraft that is smaller than the aircraft originally intended for the subject flight, which thereby creates an overbooked flight and its attendant requirement to provide federally-mandated "bumping" compensation to all displaced passengers;

d. Where the airline must cancel a flight entirely due to equipment failure and there are not enough seats available on comparable flights for all of the displaced passengers, which triggers the airline's requirement to provide federally-mandated "bumping" compensation to all of the displaced passengers from the cancelled flight; and/or

e. Where the airline wants to benefit from the "goodwill" of passengers and engender brand loyalty and increased bookings, revenues and profits by portraying the airline as providing the "flexibility" to relinquish a seat on a flight without paying therefor.

See, e.g., United Internet advertisement, May 25, 2021 (**attached hereto as Exhibit C**).

18. Information concerning such fee waivers is obviously material to the reasonable consumer during the booking process, especially when they know they may need to change or cancel the travel.

19. Plaintiff booked an "award" ticket with United on January 11, 2021, using a combination of airline miles and cash, for travel from San Francisco to Palm Springs which was scheduled to occur on January 16, 2021.

20. United sent Plaintiff a confirmatory, particularized e-mail the same day, January 11, 2021, that included (i) Plaintiff's unique MileagePlus account number from which the award miles had been transferred for the flight's purchase, (ii) the flight's unique confirmation number, (iii) the flight's scheduled date with the departure airport and the arrival airport listed, and (iv) the statement, "**If you want to change, cancel or rebook your award flight, we'll waive the redeposit fee**." *See* **Exhibit A** (e-mail message from United to Consumers (electronic highlighting added to relevant portion)). The confirmatory email clearly states that any otherwise applicable redeposit fee would be waived if the consumer chooses to cancel the itinerary, informing the consumer that they have flexibility in making travel plans. On information and belief, United chose this wording to give itself more flexibility as well, since permitting cancellations would free up last minute seats that United could make available and then re-sell for either a more-desirable larger amount of miles and/or cash payments.

21. As noted *supra* paragraph 14, United purportedly imposes redeposit fees only on those award tickets that are cancelled within thirty (30) days of the subject flight's departure, which apparently constitutes the "redeposit fee" that would be "waived" if Plaintiff nevertheless chose to

cancel the subject award flight that was scheduled to depart within *only five (5) days* from United's e-mailed promise—which departure date was clearly listed in the e-mail.

22. United breached Plaintiff's contractual right to cancel without having to pay any otherwise applicable redeposit fee. Plaintiff proceeded to cancel his flight in January, but United subsequently failed to waive the otherwise applicable redeposit fee as promised when Plaintiff redeposited the miles into his Mileage Plus account the following month on February 1, 2021. The requirement to pay the $25.00 redeposit fee had never been previously disclosed to Plaintiff when he effected the flight cancellation the prior month in reliance on United's e-mailed promise. (If Plaintiff had declined to pay the redeposit fee, which was first disclosed the month *after* he had already cancelled the flight, United would have provided only a grossly inferior "flight credit" with multiple time and money restrictions on use thereof.)

23. Upon information and belief, United succeeded in opening up a seat on the subject flight that could be re-sold for either a more-desirable larger amount of miles and/or cash payment while also wrongfully depriving Plaintiff of redeposited miles until Plaintiff paid United an additional $25.00. Plaintiff paid this wrongfully imposed fee.

**CLASS ACTION ALLEGATIONS**

24. Plaintiff brings this action on behalf of himself and all other persons similarly situated pursuant to Fed. R. Civ. P. 23 and seeks certification of one class against Defendants defined as follows:

> All individuals within the past six years who were wrongfully charged a redeposit fee to cancel an award flight in contravention of Defendants' promise of a fee waiver. Excluded from the Class are: (1) employees of the Defendants, including their officers or directors; (2) Defendants' affiliates, subsidiaries, or co-conspirators; and (3) the Court to which this case is assigned.

25. Plaintiff reserves the right to amend or modify the definition of the Class with greater specificity, division into subclasses, or limitation to particular issues as discovery and the orders of this Court warrant.

26. Plaintiff does not know the exact number of Class members because such information is in the exclusive control of the Defendants. However, Plaintiff believes that due to the nature of the trade and commerce involved and the identical language utilized in United's electronic mailings, Class members are sufficiently numerous, most likely many hundreds or thousands of consumers, such that joinder of all Class members is impracticable. The information as to the identity of the Class members can be readily determined from records maintained by the Defendants, because all flight records are recorded in Defendants' written and electronic records.

27. Common questions of law and fact exist as to all of the Class members and predominate over any questions solely affecting individual members of the Class. Among questions of law and fact common to the Class are:

    a. Whether Defendants breached their agreement that no redeposit fee would be due if customers canceled their flight reservation;

    b. Whether United breached a promise to Plaintiff, supporting a claim for promissory estoppel under Illinois law;

    c. Whether Defendants' conduct resulted in damages to Plaintiff and Class members;

    d. Whether the damages suffered by Plaintiff and Class members were proximately caused by Defendants' conduct;

    e. Whether Defendants should be enjoined from continuing the above-described practices;

    f. Whether Plaintiff and Class members are entitled to declaratory relief; and

    g. Whether Defendants should be required to make restitution, disgorge profits, reimburse losses, pay damages, pay statutory damages, and pay punitive damages as a result of Defendants' above-described practices.

28. Plaintiff intends to prosecute this action vigorously and has the financial resources to do so. Plaintiff has retained competent counsel experienced in complex litigation and prosecuting class actions. Neither Plaintiff nor his counsel have any interests adverse to those of the Class, and Defendants have no defense unique to Plaintiff. Plaintiff and each Class member purchased airline tickets through United and suffered a loss of money as a result of that purchase. Plaintiff and his counsel will fairly and adequately represent and protect the interests of the Class.

29. This class action is appropriate for certification because class proceedings are superior to all other available methods for the fair and efficient adjudication of this controversy since joinder of all of the Class Members is impracticable. Furthermore, as the damages suffered by individual members of the Class may be relatively small, the expense and burden of individual litigation make it impossible for the Class members to individually redress the wrongs done to them. Even if the Class members could sustain such individual litigation, it would not be preferable to a class action because individual litigation would increase the delay and expense to all parties due to the complex legal and factual controversies presented in this Complaint. By contrast, a class action presents far fewer management difficulties and provides the benefits of single adjudication, economies of scale, and comprehensive supervision by a single court. Economies of time, effort, and expense will be fostered and uniformity of decisions will be ensured. There will be no difficulty in the management of this class action.

30. Injunctive relief is appropriate as to the Class as a whole because Defendants have acted or refused to act on grounds generally applicable to the Class.

## COUNT I
## BREACH OF CONTRACT

31. Plaintiff repeats and realleges the allegations contained within Paragraphs 1 through 30 above as though fully set forth herein.

32. Plaintiff, individually and on behalf of all others similarly situated, brings this Count I against Defendants.

33. At all times relevant, Plaintiff and the Class members purchased United flight reservations based upon the above-stated terms.

34. At all times relevant, pursuant to the terms and warranties of United's contracts with Plaintiff and the Class Members, United owed Plaintiff and the Class Members a contractual duty not to charge redeposit fees for cancellations of award tickets.

35. Notwithstanding its contractual duties owed to Plaintiff and the Class Members, United breached its agreement with Plaintiff and the Class Members by requiring redeposit fees when Plaintiff and the Class Members cancelled their flights.

36. Plaintiff and the Class Members were injured as a direct and proximate result of Defendants' breaches of contract.

37. As a direct and proximate result of Defendants' breaches of contract, Plaintiff suffered damages in the amount of improper fees charged.

38. Plaintiff also seeks injunctive relief prohibiting such conduct in the future.

## COUNT II
## PROMISSORY ESTOPPEL

39. Plaintiff repeats and realleges, as though fully set forth herein, paragraphs 1 through 30 above.

40. In reliance on United's promise to "waive the redeposit fee," Plaintiff and the Class Members proceeded to cancel their flights.

41. When Plaintiff and the Class members canceled the flight, United failed to waive the redeposit fee and instead required payment of $25.00 to redeposit the miles into Plaintiff's and the Class Members' MileagePlus accounts in direct contravention of United's particularized promise that the redeposit fee would be waived. United should have reasonably anticipated that Plaintiff and the Class Members would rely on its promise to "waive the redeposit fee."

42. Despite United's being advised that these fees were being assessed in direct contravention of United's promise to "waive the redeposit fee," United has continually and knowingly refused to refund the $25.00 payment.

43. As a result of Plaintiff's and the Class Members' reliance on United's promise, they have suffered damages including, *inter alia*, a twenty-five dollar ($25.00) payment that United wrongfully required to be remitted in order to have the subject award miles redeposited into their Mileage Plus account and which payment United informed the traveler of only after the flight had already been cancelled in reliance upon United's promise. Other damages included a loss of the use of some, or all, of the miles in those situations where the passenger avoided the redeposit fee and ended up with a grossly inferior flight credit that was either unusable or only partially used.

44. Plaintiff also seeks injunctive relief prohibiting such conduct in the future.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff, individually and on behalf of all others similarly situated, prays for judgment against Defendants, jointly and severally, and for the following relief:

A. An order certifying the Class under 735 ILCS 5/2-801, naming Plaintiff as Class Representative and their attorneys as Class Counsel to represent the Class members, and requiring notice and claim administration to be paid by Defendants;

B. An order finding in favor of Plaintiffs and the Class on all claims asserted herein;

C. An order awarding compensatory, punitive, and statutory damages in amounts to be determined by the Court and/or jury;

D. Prejudgment interest on all amounts awarded at the maximum legal rate;

E. An order of restitution and all other forms of equitable monetary relief;

F. An affirmative and prohibitory injunction ordering that Defendants be enjoined from further wrongful contract breaches;

G. An order awarding Plaintiffs and the Class their reasonable attorneys' fees and expenses and costs of suit; and

H. Any and all other relief that this Court deems just.

**DEMAND FOR TRIAL BY JURY**

Plaintiff demands a trial by jury of all issues so triable.

DATED: March 11, 2022

        Respectfully submitted,

        */s/ Kyle A. Shamberg*
        Katrina Carroll
        Kyle Shamberg
        **LYNCH CARPENTER LLP**
        111 W. Washington Street - Suite 1240
        Chicago, IL 60602
        Phone: (312) 750-1265
        Fax: (312) 212-5919
        katrina@lcllp.com
        kyle@lcllp.com

***Attorneys for Plaintiff and the
Proposed Class***

13